UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JASON HUNTER,

    Petitioner,

v.                                          Case No. 4:23-cv-175-WS/MJF

FLORIDA STATE HOSPITAL, *et al.*,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jason Hunter is a Florida pretrial detainee confined at the Florida State Hospital under an order adjudging him incompetent to proceed in the Highland County Circuit Court case *Florida v. Hunter*, No. 19-cf-348 (Fla. Cir. Ct. Mar. 28, 2019) (*Hunter II*). Petitioner's allegations are difficult to decipher, but it appears that Petitioner is challenging the sufficiency of the evidence in two Florida criminal cases and the Florida court's determination that Petitioner warrants involuntary commitment. Because the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), precludes the District Court from interfering in Florida's

ongoing criminal prosecution of Plaintiff, the District Court should dismiss the instant petition without prejudice.

## I. BACKGROUND

### A. PETITIONER STATE CRIMINAL CASES

#### 1. Hunter I

On September 1, 2015, Petitioner was charged in Highlands County, Florida, with one count of the unauthorized practice of law. *See Florida v. Hunter*, No. 15-CF-0729 (Fla. 10th Cir. Ct. Sept. 1, 2015) (*Hunter I*).[1] On March 8, 2017, the state trial court found Petitioner incompetent to stand trial and conditionally released Petitioner to undergo outpatient treatment. *Id.*

#### 2. Hunter II

On March 28, 2019, the State charged Petitioner with making threats in violation of Fla. Stat. §§ 836.10 and 838.021. *Hunter II*. The state trial court appointed an expert to determine whether Petitioner was

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

competent. *Id.* After conducting a hearing, the state trial court found petitioner incompetent and found that Petitioner met the criteria for involuntary confinement for treatment under Fla. Stat. § 916.13 and Fla. R. Crim. P. 3.212(c)(3). *Id.* The state trial court stayed the prosecution of Petitioner for making threats and for the unauthorized practice of law and directed the administrator of Florida State Hospital to provide status reports regarding whether Petitioner continues to warrant involuntary confinement.

B.   **Petitioner's Allegation in His Petition**

On May 1, 2023, Petitioner filed a petition pursuant to 28 U.S.C. § 2241. Doc. 1. This petition was deficient because it was not on the court-approved form. Additionally, the allegations were disorganized and included mathematical equations, the relevance of which was not readily apparent. *See, e.g.,* Doc. 1 at 15. Accordingly, the undersigned ordered Petitioner to file an amended petition.

On May 17, 2023, Petitioner filed his amended petition pursuant to § 2241. Doc. 5. Although he utilized the court-approved form, Petitioner's allegations are still difficult to decipher. It appears that Petitioner is challenging the sufficiency of the evidence in *Hunter II* and his

involuntary confinement at Florida State Hospital.[2] For example, Plaintiff asserts,

- "I swear I did not send nor did I have internet to send threats. (former alias-assumed) . . .";

- "I was arrested despite executive duty of my departments – CF19-348 is false arrest under assumption. I did not email or mail threats via us postage from Georgia"; and

- "CF 15-729 is not a felony under US Law . . . CF 15-729 is a federal misdemeanor, but beyond limits for a non-actor, non-violent officer, reporting obstruction and attempted murder [and] torturous [sic] conviction; which is illegal."

Doc. 5 at 3, 4, 5. Petitioner failed to state the relief he is seeking, Doc. 5 at 6. It appears, however, that Petitioner seeks an order enjoining the

---

[2] Petitioner also asserts that "all cases are Bivens violations." Doc. 5 at 3, 6. To the extent Petitioner is attempting to assert a claim for violations of his civil rights under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), these claims should be dismissed without prejudice to Petitioner asserting them in a separate suit. *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018) ("[T]he district court should dismiss a habeas petition raising a claim available under § 1983.") (citing *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013)).

pending state criminal prosecutions and an order releasing Petitioner from the Florida State Hospital.

## II. DISCUSSION

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)).

In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury. 401 U.S. at 53–54. As the Supreme Court stated: "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."); *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

Under *Younger*, a district court should abstain from interfering with ongoing state proceedings when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceeding afford adequate opportunity to raise constitutional issues." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). There are three narrow exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F. 4th at 1099.

Generally, the *Younger* analysis is conducted in three steps. First, federal courts consider whether a qualifying state-court proceeding is pending. *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1267–68 (11th Cir. 2019). If so, federal courts then consider whether is appropriate to abstain under the factors set forth in *Middlesex*. *Id.* at 1268. If abstention appears to be appropriate, federal courts then must determine whether any exception to *Younger* applies. *Middlesex*, 457 U.S. at 435; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975).

1. *There is an Ongoing, Qualifying State Proceeding*

Petitioner concedes that there are two on-going criminal prosecutions against him. Florida is currently prosecuting him for making threats in violation of Florida Stat. §§ 836.10 and 838.021. *Hunter II*. Additionally, Florida is prosecuting Petitioner for the unauthorized practice of law. *Hunter I*. Accordingly, this first criterion for *Younger* abstention is satisfied.

2. *The* **Middlesex** *Factors Weigh in Favor of Abstention*

At the second step of the *Younger* analysis the District Court must consider whether: (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims. *Tokyo Gwinnett*, 940 F.3d at 1267–68.

**(a)** <u>**Interference with State Judicial Proceedings**</u>

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing

Page 7 of 11

proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).

It appears that Petitioner seeks to have the District Court: (1) enjoin Florida from prosecuting Petitioner; and (2) order the state to release Petitioner. This relief necessarily conflicts with pending state court proceedings. *See Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980) ("As to state judicial action involved in the commitment and release of criminal defendants, abstention is compelled by the doctrine of *Younger* . . ."); *Destra v. United States*, No. 22-cv-24229-RAR, 2022 WL 18399497, at *2 (S.D. Fla. Dec. 30, 2022) ("[T]he relief requested by Petitioner would, by implication, require the Court to second-guess a state court's determination that Petitioner is incompetent to proceed in an ongoing criminal proceeding which, under *Younger*, is a wholly inappropriate function for this Court to undertake.").

### (b) Important State Interests

Florida's criminal prosecution of Petitioner in two cases implicate important state interests. *Younger*, 401 U.S. at 41–44. The adjudication of criminal cases—which is a facet of crime prevention—is an important

state interest, particularly when there are victims involved. *Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *United States v. Salerno*, 481 U.S. 739, 750 (1987). "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977). The "State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims. . . . The State also has a strong interest in ensuring that criminal offenders . . . are appropriately punished and do not harm others in the State." *Oklahoma v. Castro-Huerta*, 597 U.S. ___, 142 S. Ct. 2486, 2501–02 (2022). Thus, the second *Middlesex* factor also weighs in favor of abstention.

### (c)   Adequate Opportunity to Raise Federal Claims

The underlying state criminal cases afford Petitioner adequate opportunities to raise the claims he seeks to assert in his petition. *Snipes v. Desantis*, No. 2:20-cv-1007-JLB-NPM, 2021 WL 1720259, at *1 (M.D. Fla. Apr. 30, 2021); *Okwor v. Tony*, No. 0:21-cv-62077, 2021 WL 4819564, at *3 (S.D. Fla. Oct. 15, 2021). Also, nothing in Petitioner's filings suggest that Petitioner is procedurally barred from raising his claims at a later stage of the criminal prosecution. *Johnson*, 32 F.4th at 1101 (noting that

"what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts.") (citing *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Thus, the third *Middlesex* factor also weighs in favor of abstention.

### 3. *There Are No Applicable Exceptions to* Younger

Petitioner has not alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. "[T]he cost, anxiety, and inconvenience of having to defend against a single prosecution alone do not constitute 'irreparable injury'" warranting federal interference in the state criminal proceedings. *Kugler*, 421 U.S. at 124. Petitioner has not alleged any sound basis for the District Court to interfere with Florida's prosecution of Petitioner.

### III. CONCLUSION

Because the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), precludes the District Court from interfering in Florida's prosecution of Petitioner, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** without prejudice Petitioner Jason Hunter's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

2.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 31st day of August, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**