UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JASON HUNTER,

    Petitioner,

v.                                         Case No. 4:23-cv-175-WS/MJF

FLORIDA STATE HOSPITAL, *et al.*,

    Respondents.
                                    /

## REPORT AND RECOMMENDATION

This matter is before this court on Petitioner's "*Ex Parte Motion Vacate/Reinstate (Habeas)* Motion to recuse for injurie(s) USC s. 1792 Motion to Show Cause for relief(s), 2023, 2024 Magistrate Michael Frank/Judge William Stafford." Doc. 16. For the reasons set forth below, the District Court should deny the motion.

### I. BACKGROUND

Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. On September 27, 2023, United States District Judge William Stafford denied the habeas petition and directed the clerk of the court to close the case. Doc. 13; *see* Doc. 14. Petitioner has submitted the instant motion that is only one page

in length. Beyond the relief requested in the title of the motion, Petitioner fails to request relief of any kind, fails to provide any basis for the relief he seeks, and simply outlines a list of his grievances regarding his medical care—or lack thereof—at the Florida State Hospital.

## II. Discussion

### A. Motion to Vacate and Reinstate Habeas Appeal

To the extent Petitioner seeks to "vacate" the judgment and reinstate his appeal, the undersigned construes this as a motion for relief from the Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Furthermore, Rule 7 of the Federal Rules of Civil Procedure provides that a motion must state with particularity the grounds on which relief is sought. Fed. R. Civ. P. 7(b)(1)(B).

As noted above, Petitioner's motion is simply a list of grievances about the medical treatment that Petitioner has received while at the Florida State Hospital. He does not identify any basis for the District Court to vacate its Judgment and reinstate Petitioner's habeas petition. Because Petitioner has not articulated grounds for relief under Rule 60, and none are apparent, the District Court should deny Petitioner's motion to the extent Petitioner is seeking relief from the Judgment.

**B.   Motion to Recuse**

To the extent Petitioner asserts that the assigned judges should have recused themselves, Petitioner offers no facts that would suggest that recusal was or is necessary.

Section 455(a) of Title 28 of the United States Code requires a judge to "disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. § 455(a). "Not only is a biased decisionmaker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.'" *Winthrow v. Larkin*, 421 U.S. 35, 47 (1975) (quoting *In re Murchinson*, 349 U.S. 133, 136 (1955)). Thus, the standard under section 455 requires the court to ask, "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation omitted). The party seeking disqualification must offer facts that demonstrate bias, not merely allegations of partiality. *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999).

In his one-page motion, Petitioner fails to articulate any facts that would demonstrate bias on the part of the assigned judges. To the extent Petitioner is dissatisfied with rulings made by the assigned judges, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litkey v. United States*, 510 U.S. 540, 555 (1994); *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) ("[A]dverse rulings alone do not provide a party with a basis for holding that the

court's impartiality is in doubt.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)). Because Petitioner failed to carry his burden of providing facts that demonstrate a basis for recusal, Petitioner's motion must be denied.

### III.  CONCLUSION

Because Petitioner's motion fails to identify any basis for the relief sought in his motion and Petitioner has failed to demonstrate entitlement to the relief requested, the District Court should **DENY** Petitioner's motion. Doc. 16.

At Pensacola, Florida, this 15th day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on**

the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.